# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE: 1:11cv117-RJC

| | |
|---|---|
| ANTHONY LEO WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| DAVID HOYLE, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's pro se Complaint pursuant to 42 U.S.C. § 1983, filed May 20, 2011. (Doc. No. 1).

Plaintiff seeks declaratory relief and an injunction prohibiting the Defendants from attempting to enforce Certificates of Tax Liability against him under the North Carolina Controlled Substance Tax Act, N.C. Gen. Stat. §§ 105-113.105-105-113.113 (1995). Plaintiff contends that the tax, as constructed, amounts to a criminal penalty and that because he was criminally prosecuted for the underlying drug offenses, assessment and collection of the tax violated the Double Jeopardy Clause of the United States Constitution. Plaintiff contends further that Defendants Johnson and Warlick seized some of his assets on July 15, 2004 but that none of the monies that they seized were credited towards his tax balance. He makes the same allegations against Defendants Dellinger and Hanson with respect to assets seized on November 4, 2007. Finally, Plaintiff asks the Court to order that all of the assets seized on July 15, 2004 and November 4, 2007 be returned to him.

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by the

Constitution by a person acting under color of state law. A pro se complaint in a proceeding in forma pauperis must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Title 28 U.S.C. § 1915A directs the Court to conduct an initial review of civil actions by prisoners seeking relief from a governmental entity or employee and identify cognizable claims or dismiss the complaint, or parts thereof. After careful review of the Complaint, the undersigned finds that Defendants should file an Answer.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1. The Clerk of Court shall issue summons for each Defendant and deliver it forthwith to the U.S. Marshall who will make service of process without additional cost;

2.. Defendants shall file an Answer to the claims in Plaintiff's Complaint in accordance with the Federal Rules of Civil Procedure.

Signed: June 1, 2011

Robert J. Conrad, Jr.
Chief United States District Judge