# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE: 1:11cv117-RJC

| | |
|---|---|
| ANTHONY LEO WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| DAVID HOYLE, et al., ) | |
| ) | |
| Defendants. ) | |

THIS MATTER is before the Court upon Defendants Dellinger and Hasson's Motion To Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. No. 16) and Defendants Hoyle, Johnson, and Warlick's Motion to Dismiss pursuant to Rules 12(b)(1), (b)(2) & (b)(6) of the Federal Rules of Civil Procedure (Doc. No. 19). In accordance with Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975), the Court advises Plaintiff, who is proceeding *pro se*, of the heavy burden that he carries in responding to Defendants' Motion.

In responding to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must show that he has made sufficient factual allegations to support a cause of action which is recognized by law. Bell Atl. Corp. v. Twombley, 550 U.S. 544, 555 (2007) (Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level.") (citation omitted); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010). In considering Plaintiff's Complaint, the Court "'need not accept [his] legal conclusions drawn from the facts,'" nor need it "'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" Philips v. Pitt County Mem'l Hospital, 572 F.3d 176, 179-80 (4th Cir. 2009)

(quoting Kloth v. Microsoft Corp., 444 F.3d 312, 319 (4th Cir. 2006)).

In responding to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), a plaintiff must allege facts upon which subject matter jurisdiction can be based. Kerns v.. United States, 585 F.3d 187, 192 (4th Cir. 2009). The burden of proving subject matter jurisdiction in response to a Rule 12(b)(1) motion to dismiss is on the plaintiff, the party asserting jurisdiction. Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995).

Likewise, in responding to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2), a plaintiff bears the burden of establishing the necessary jurisdictional facts. Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989). A plaintiff, however, need only make a *prima facie* showing of a sufficient jurisdictional basis at this stage of The proceedings. Combs, 886 F.2d at 676.

Plaintiff is advised that the Court may take judicial notice of matters of public record without converting a motion to dismiss to a motion for summary judgment. See e.g., Fed. R. Evid. 201; Philips, 572 F.3d at 180 (citations omitted). Plaintiff is advised further, however, that if he chooses to file documents, affidavits, or declarations in opposition to Defendants' Motion to Dismiss, such action may result in the conversion of the motions to dismiss to motions for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(d).

**IT IS, THEREFORE, ORDERED** that Plaintiff has thirty (30) days from the entry of this Order to file his response to both motions to dismiss. (Doc. Nos. 16 & 19). Plaintiff may respond to both in a single document. Plaintiff's failure to respond may result in the granting of Defendants' motions to dismiss and the dismissal with prejudice of Plaintiff's § 1983 Complaint..

**SO ORDERED**.

Signed: July 28, 2011

Robert J. Conrad, Jr.
Chief United States District Judge