UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11-cv-117-RJC

| | | |
|---|---|---|
| ANTHONY LEO WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DAVID HOYLE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** comes before the court upon Plaintiff's Motion to Produce Copies at No Charge, (Doc. No. 32). In such motion, Plaintiff requests for the third time to have this Court provide him a copy of his own Response to Defendants' Motion to Dismiss, (Doc. No. 25). See also (Doc. Nos. 28 and 31). While the Clerk of Court previously responded to such requests by advising Plaintiff that a copy could be made at the established rate of 50 cents per page (totaling $71.00), Plaintiff now seeks a waiver of such fee based on indigency.

The Clerk of Court is not obligated to make copies for Plaintiff of his own pleadings. The law is clear that copies of documents from a record may be provided to an indigent litigant at government expense upon a showing by that litigant of a particularized need for the documents. Jones v. Superintendent, Va. State Farm, 460 F.2d 150, 152-53 (4th Cir. 1972). Here, the documents Plaintiff seeks copied at taxpayer expense were created by him and Plaintiff has not presented any particularized need for them. In a persuasive decision addressing this issue, the Court of Appeals for the Sixth Circuit held as follows:

> [a]lthough the petitioner was granted leave to proceed in the district court as a pauper, that status waives only 'prepayment of fees and costs and security.' It does not give the litigant a right to have documents copied and returned to [him]

-1-

at government expense.

In re Richard, 914 F.2d 1526, 1527 (6th Cir. 1990) (citation omitted).

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Produce Copies at No Charge, (Doc. No. 32), is **DENIED.**

Signed: February 8, 2012

Robert J. Conrad, Jr.
Chief United States District Judge