UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11-cv-117-RJC

| | |
|---|---|
| ANTHONY LEO WHITE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DAVID HOYLE, Secretary, N.C. Department ) <br> of Revenue, et al., ) <br> ) <br> Defendants. ) <br> ) | ORDER |

**THIS MATTER** comes before the Court on a motion to dismiss by Defendants Donnie Dellinger and Rick Hasson, (Doc. No. 16), and on a motion to dismiss by Defendants David Hoyle, Cale Johnson, and David Warlick, (Doc. No. 19).

I.      BACKGROUND

Pro se Plaintiff, a prisoner, has filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights by filing certificates of tax liability in connection with his conviction for possession of marijuana. Plaintiff has named as Defendants the Secretary of the North Carolina Department of Revenue ("DOR") David Hoyle ("Hoyle"); Supervisor of the DOR Unauthorized Substances Tax Division Cale Johnson ("Johnson"); Agent of the DOR Unauthorized Substances Tax Division David Warlick ("Warlick"); and Burke County Narcotics Task Force Investigators Donnie Dellinger ("Dellinger") and Sergeant Rick Hasson ("Hasson"). Plaintiff is suing all of the named Defendants in their official capacities. See (Doc. No. 6).

Plaintiff alleges that on July 15, 2004, Defendants violated his constitutional rights by enforcing a 2001 assessment under North Carolina's Unauthorized Substance Tax Law (the

"drug tax"), N.C. GEN. STAT. § 105-113.105 et seq., following his conviction for possession of marijuana. (Doc. No. 1). Plaintiff alleges that Johnson and Warlick seized some of Plaintiff's assets on July 15, 2004, but that he was never credited on his tax amount for the assets they seized; and that on November 4, 2007, Hasson seized $399 under the drug tax law and Plaintiff was placed into custody.

Plaintiff claims that the drug tax constitutes a criminal penalty and that the enforcement of the drug tax against him, in addition to the punishment for criminal charges, constitutes Double Jeopardy under the United States Constitution. In support of his claim, Plaintiff relies on this circuit's court of appeals opinion in Lynn v. West, 134 F.3d 582 (4th Cir. 1998), which held that a previous version of the North Carolina drug tax was a criminal penalty that could not be enforced absent the constitutional safeguards that attach to criminal proceedings. For relief, Plaintiff seeks a reversal of all judgments, tax liens, levies, and all acts performed under the drug tax law. (Doc. No. 1 at 20). Plaintiff also seeks a refund of all property seized from Plaintiff for payment of the tax, as well as declaratory and injunctive relief. (Id. at 18-20).

Defendants have moved to dismiss Plaintiff's claims on several grounds, including that his claims are barred by the applicable statute of limitations; that the North Carolina DOR enjoys Eleventh Amendment sovereign immunity from suit; that Plaintiff fails to state a claim against Defendants; and that Plaintiff is barred from bringing his action in this Court pursuant to the federal Tax Injunction Act. For the following reasons, the Court finds that it is barred by the Tax Injunction Act from adjudicating Plaintiff's claims, and for that reason alone the action must be dismissed. Therefore, the Court need not address Defendants' alternative grounds for relief.

## II.     STANDARD OF REVIEW

A party may challenge a federal court's jurisdiction over the subject matter of a

controversy where there is a question as to whether the complaint factually alleges "a non-frivolous claim arising under federal law" over which the court has jurisdiction to evaluate the merits. Baker v. Carr, 369 U.S. 186, 199-200 (1962); see also FED. R. CIV. P. 12(b)(1). Upon a challenge to subject matter jurisdiction, the plaintiff bears the burden of persuasion. All parties, however, may submit evidence outside the pleadings to substantiate their positions with regard to jurisdiction. See Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995). After considering the evidence, the court must grant the motion to dismiss if it determines that the relevant jurisdictional facts are undisputed and that the moving party's challenge is valid as a matter law. Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

## III.   ANALYSIS

The Tax Injunction Act ("TIA"), 28 U.S.C. § 1341, provides: "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." See Collins Holding Corp. v. Jasper Cnty., S.C., 123 F.3d 797, 799 n.2 (4th Cir. 1997). The TIA thus prohibits federal district courts from exercising jurisdiction over an action if (1) the action is to "enjoin, suspend or restrain the assessment, levy or collection" of a state tax, (2) the tax is a "tax under State law," and (3) the state provides a "plain, speedy and efficient remedy" in its own courts. Lynn, 134 F.3d at 594. Here, the first two elements are satisfied because Plaintiff is contesting tax assessments issued against him by the North Carolina Department of Revenue and he seeks injunctive relief. Plaintiff argues, however, that the drug tax is not actually a "tax under State law," but that it is, instead, a criminal penalty, and that the TIA therefore does not apply. The Court does not agree. See Nivens v. Gilchrist, 319 F.3d 151, 158 (4th Cir. 2003) (declining "to hold that North Carolina's post-amendments drug tax is sufficiently similar to the pre-1995

3

amendments drug tax such [as to] treat them the same" (i.e., as criminal penalties)). Indeed, in Hough v. Mozingo, No. 1:04CV00609, 2005 WL 1168462 (M.D.N.C. Apr. 29, 2005), adopted, 2005 WL 2216877 (M.D.N.C. Sept. 12, 2005), the Middle District of North Carolina conducted an extensive analysis of the drug tax in its amended form (i.e., as amended after Lynn v. West, 134 F.3d 582, the case on which Plaintiff relies), and the court concluded that the drug tax is indeed a state tax subject to the TIA. This Court agrees with the analysis of the Hough court. Furthermore, another district court has already held that North Carolina law provides a plain, speedy, and efficient remedy for a citizen's challenges to an assessment of taxes under state law. See Burton v. United States, No. 7:00-cr-105-1-F, 2009 WL 6452631, at *1 (E.D.N.C. May 18, 2009) (concluding that North Carolina law affords a plain, speedy, and efficient remedy for contesting assessments of taxes under the North Carolina Drug Tax statute and also adopting the rationale set forth in Hough v. Mozingo). Accordingly, all three requirements for the applicability of the TIA have been met, and this Court is foreclosed from exercising jurisdiction over this case.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendants' Motions to Dismiss, (Doc. Nos. 16; 19), are **GRANTED**, and this action is dismissed without prejudice to Plaintiff to seek relief in state court.

Signed: March 2, 2012

*[signature]*

Robert J. Conrad, Jr.
Chief United States District Judge

5